# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**CHARLES E. JONES, JR.,**                     )
                                               )
       **Plaintiff,**                )
                                               )
      **v.**                           )  **Civ. Action No. 10-0712 (ESH)**
                                               )
**U.S. DEPARTMENT OF EDUCATION**               )
*et al.*,                                      )
                                               )
      **Defendants.**              )
_____)


## <u>MEMORANDUM OPINION</u>

In this civil action brought *pro se*, plaintiff claims that "the defendant(s) have been wrongfully garnishing and withholding [his] federal income taxes for the past twenty two . . . years" to satisfy an outstanding student loan. (Compl. at 7.)[1] He sues the United States Department of Education, the Department of Treasury's Internal Revenue Service ("federal defendants") and "Public Ligation/Public Citizen Litigation, Inc" ("Public Citizen").[2] (*Id*. at 4.) The federal defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)6) for failure to state a claim upon which relief can be granted. Upon consideration of the parties' submissions, the Court concludes

---

[1] Because the complaint is not paginated sequentially, the Court will cite the page numbers assigned to the electronic docket.

[2] The docket caption erroneously lists Vanessa Armstrong as a party-defendant. Plaintiff does not identify her as such in the Parties section of the form complaint but rather describes her as the "claimant" represented by Public Citizen. *See* Compl. at 2, 4. In addition, plaintiff has stated no facts concerning Public Citizen. The Court therefore dismisses the complaint against this defendant pursuant to its authority under 28 U.S.C. § 1915(e)(2) to dismiss "at any time" a complaint that fails to state a claim upon which relief can be granted.

that plaintiff's claim is procedurally barred and, thus, it will grant defendants' motion to dismiss under Rule 12(b)(6).

## BACKGROUND

Plaintiff alleges the following. He applied for a federal student loan in the amount of $2,500 in May 1988 to take a one-year course at the National Business School of Auto Mechanics ("the School"). (Compl. at 2.) Prior to his expected graduation date of June 1, 1989, the "checks for the loan arrived and the students and I signed [up]," but the School closed "weeks later." (*Id.*) Between 1990 and 1995, the School "operated in the District of Columbia unaccredited with no licence [sic]." (*Id.*) In 1995, Public Citizen, on behalf of Vanessa Armstrong, filed a lawsuit against the School in federal court; the case settled in 1997. (*Id.*) "Plaintiff and all students received checks from the class action [and] all of the students who [attended the school] with [plaintiff] were forgiven their loan, except [plaintiff]." (*Id.*) Plaintiff alleges that his loan was not forgiven because he could not attend "the court hearing due to [his] incarceration." (*Id.*) He also alleges that "the defendant claims that their [sic] records show that [he] was not in attendance at the time that the school closed in 1990." (*Id.*).

Plaintiff filed this action on May 5, 2010. He seeks an order to compel defendants to produce the School's attendance records. (*Id.*) "In the alternative, plaintiff want[s] the Court to issue an order to the defendants to reimburs[e] him all of the federal income tax that [was] illegally garnished from 1990 to 2008," and to discharge the loan. (*Id.*)

## DISCUSSION

Under the principle of collateral estoppel "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same

parties [or their privies] in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970);

accord *Yamaha Corp. of America v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992); *Nat'l Sav. &*

*Trust, Co. v. Rosendorf*, 559 F.2d 837, 838 & n.10 (D. C. Cir. 1977) (citing cases).

This case arose from the Guaranteed Student Loan Program ("GSLP) in effect in 1998 that

effectively exempted lenders from "claims and defenses that students could raise against their

schools" for misconduct. *Armstrong v. Accrediting Council for Continuing Educ. and Training,*

*Inc.*, 168 F.3d 1361, 1365 (D.C. Cir. 1999), *aff'g* 980 F. Supp. 53 (D.D.C. 1997) (Lamberth, J.).

Plaintiff admits that he was a member of the *Armstrong* class and received his share of the

settlement. (Compl. at 2.) *See* No. 91-cv-3135 (RCL) (Order of Mar. 30, 1998) [Dkt. # 281]

(approving settlement of the class claim). He takes issue with having to pay off the loan.

Plaintiff alleges that all other students who attended the School were forgiven their loans, but he

has provided no supporting documentation and the *Armstrong* opinion establishes that he is

mistaken.

In *Armstrong*, the District of Columbia Circuit, after providing an extensive history of the

federal student loan program, found that although 1992 changes to that program did not apply to

students who obtained loans prior to 1992, "[t]he [Education] Secretary has [] established loan

discharge procedures for two categories of pre-1992 borrowers: those whose for-profit schools

closed while they were in attendance, and those whose own GSLP eligibility (not the school's

eligibility) was falsely certified." *Id*., 168 F.3d at 1370-71. The court concluded, however, that

"[t]hese procedures provide no relief for students like Armstrong, whose schools falsely

represented their accreditation or engaged in other misconduct." *Id*. at 1371. Thus, even if

plaintiff could show through the attendance records he seeks that the School closed while he was

in attendance, he would not be entitled to discharge of the loan.[3]

For the foregoing reasons, the Court grants defendants' motion to dismiss under Rule 12(b)(6). A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 13, 2010

---

[3] The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is the proper mechanism for obtaining agency records. In this action, plaintiff has neither invoked the FOIA as a basis for relief nor alleged that he made a proper FOIA request to a federal agency and was denied.